®JS 44 (Rev. 11/04)                     **CIVIL COVER SHEET**                     APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **I. (a) PLAINTIFF  JENNIFER RYAN** | **DEFENDANT  DELBERT SERVICES CORPORATION** |
| **(b)** County of Residence of First Listed Plaintiff  Lehigh<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)  Andrew M. Milz, Esq.,<br>Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692
Brief description of cause:  Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint JURY DEMAND: ☒ Yes ☐ No.

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  9/9/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT                                    APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6396 Heil Road, Germansville, PA 18053

Address of Defendants: 7125 Pollock Drive, Las Vegas, NV 89119

Place of Accident, Incident or Transaction: Germansville, PA 18053

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)      Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?      Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability (Asbestos) |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☒ All other Federal Question Cases | |

(Please specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought

DATE: __9/9/15_____        _____        ____207715_____

Attorney-at-Law                                Attorney I.D.

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court **except** as noted above.

DATE: __9/9/15_____        _____        ____207715_____

CIV.609 (4/03)                      Attorney-at-Law                      Attorney I.D.

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JENNIFER RYAN | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | NO. |
| DELBERT SERVICES CORPORATION | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  (    )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits  (    )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (  X  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.  (    )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management
by the court. (See reverse side of this form for a detailed explanation of special
management cases)  (    )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.  (    )

| | | |
|---|---|---|
| 9/9/15 | | Andrew M. Milz |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| 610-822-0782 | 610-667-0552 | amilz@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER RYAN
6396 Heil Road
Germansville, PA  18053,

                      Plaintiff,

       vs.                      CIVIL ACTION NO.

DELBERT SERVICES CORPORATION
7125 Pollock Drive
Las Vegas, NV  89119,

                    Defendant.

## COMPLAINT

### I.    INTRODUCTION

1.     This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and Pennsylvania's Fair Credit Extension Uniformity Act.

2.     The FDCPA and FCEUA prohibit engaging in deceptive and unfair practices in the collection of a consumer debt.

3.     Defendant is subject to strict liability for sending a collection letter which violates the provisions of the FDCPA.

### II.    JURISDICTION

4.     Jurisdiction arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

### III.    PARTIES

6.    Plaintiff Jennifer Ryan ("Plaintiff") is a consumer who resides in Germansville, Pennsylvania at the address captioned.

7.    Defendant Delbert Services Corporation ("Delbert") is upon information and belief a collection agency and foreign corporation with a principal place of business as captioned.

8.    Defendant Delbert regularly engages in the collection of consumer debts in the Eastern District of Pennsylvania using the mails and telephone.

9.    Delbert regularly attempts to collect consumer debts alleged to be due another.

10.    Delbert is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

### IV.    STATEMENT OF CLAIM

11.    On September 9, 2014, Plaintiff called Defendant debt collector Delbert to request a payoff figure for an old payday loan in the amount of $2,525.00 allegedly due to Western Sky Financial, LLC, and incurred for personal, consumer use.

12.    Plaintiff inquired how she could possibly still owe $2,150.45 on a loan for which she paid close to $9,000.

13.    Sometime thereafter, Defendant Delbert sent Plaintiff a collection notice "in response to [Plaintiff's] inquiry of September 9, 2014.   A copy of Delbert's letter, dated September 9, 2014, is attached hereto as Exhibit A (redacted in part per Fed. R. Civ. Pro. 5.2).

14.    Therein, the debt collector stated:

As of August 16, 2014, pursuant to the terms of a Consent Agreement and Order (the "Agreement") with the Commonwealth of Pennsylvania Department of Banking and Securities, the interest rate on the outstanding balance of your loan has been modified to 6.00% annual interest going forward.   Your monthly payments have not changed; rather

the term of your loan has been shortened.  As of September 9, 2014, the payoff amount on your loan is $2,150.45.  You have eight (8) installment payments remaining on this loan.

(See Ex. "A").

15.     Delbert's statement is false, deceptive and misleading as the Consent Agreement with the Commonwealth states that "for the avoidance of doubt those interest rate modifications [i.e., back to 6%] will affect the amortization schedule only and all monthly payments will remain the same amount as they were prior to the modification."

16.     Clearly the cited provision in the Consent Agreement only affects borrowers without outstanding balances greater than or equal to principal times 6% APR, not those who have already paid well more than that amount, like Ms. Ryan – who paid close to $9000 on an alleged $2,525 debt.

17.     Pennsylvania's Loan Interest and Protection Law, 41 P.S. §§501-507, sets an interest rate cap of 6% on a loan such as this; and provides for three-times the interest in excess of 6% paid by the consumer.

18.     Indeed, the Consent Order itself states "this Order shall not limit or impair the rights of Pennsylvania residents under the LIPL.  See 41 P.S. §§ 501-507."  As such, Western Sky owed plaintiff, not the other way around.

19.     The FDCPA prohibits debt collectors from using false, deceptive or misleading means in an attempt to collect a debt alleged due, including misrepresenting the character, status or amount of the alleged debt.  15 U.S.C. § 1692e and § 1692e(2).

20.     The FDCPA also prevents the attempt to collect amounts not permitted by law. 15 U.S.C. §1692f(1).

21.     Here, Delbert violated the FDCPA by falsely, deceptively and misleadingly inflating the balance claimed due and attempting to collect amounts not permitted by law.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22.     Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

23.     The acts by Defendant described above violated the Fair Debt Collection Practices Act in the following ways:

(a)     By engaging in false, deceptive or misleading means in connection with the collection of a consumer debt alleged due by Plaintiff, in violation of 15 U.S.C. § 1692e;

(b)     By falsely representing the amount of the debt alleged due from Plaintiff, in violation of 15 U.S.C. § 1692e(2); and

(c)     By attempting to collect an amount not permitted by law.   15 U.S.C. §1692f(1).

**WHEREFORE** Plaintiff Jennifer Ryan demands judgment against Defendant Delbert Services Corporation for:

(a)     Damages;

(b)     Attorney's fees and costs; and

(c)     Such other and further relief as the Court shall deem just and proper.

## COUNT II – PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

24.     Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

25.     The deceptive and unfair acts or practices by Defendant as described above in violation of the FDCPA violate Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4.

4

26.     Defendant violated the FCEUA by using false, deceptive or misleading representations or means in connection with the collection of a consumer debt claimed due.  73 P.S. 2270.4(b)(5), (b)(5)(ii).

27.     Defendant violated the FCEUA by unfairly and unconscionably attempting to collect an amount not permitted by law.  73 P.S. 2270.4(b)(6), (b)(6)(i).

WHEREFORE, Plaintiff Jennifer Ryan demands judgment against Defendant Delbert Services Corporation for:

    (a)     Actual and treble damages;

    (b)     Attorneys fees and costs; and

    (c)     Such other and further relief as the Court shall deem just and proper.

## V.     **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 9/9/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782

# EXHIBIT "A"



September 9, 2014

VIA U.S. MAIL

Jennifer Ryan
6396 Heil Rd
Germansville, PA 18053

*Re:*     Your Account No.: ▰▰▰8098

Dear Ms. Ryan:

Delbert Services Corporation ("Delbert Services") is in receipt of your inquiry of September 9, 2014 regarding your account. Please be advised that Delbert Services has confirmed that this debt is valid and has not been paid.

Enclosed you will find a copy of your executed Consumer Loan Agreement (the "Note"), along with the payment history validating the debt listed above.

As of August 16, 2014, pursuant to the terms of a Consent Agreement and Order (the "Agreement") with the Commonwealth of Pennsylvania Department of Banking and Securities, the interest rate on the outstanding balance of your loan has been modified to 6.00% annual interest going forward. Your monthly payments have not changed; rather, the term of your loan has been shortened. As of September 9, 2014, the payoff amount on your loan is $2,150.45. You have eight (8) installment payments remaining on this loan. Additionally, pursuant to the Agreement, all credit information for this loan has been removed from your credit history.

If you have any questions regarding the Agreement, please contact the State of Pennsylvania.

If you have further questions of Delbert Services, you may contact this office at 888-983-3523.

Sincerely,

Jean Kohles
Customer Service Manager

*This communication is an attempt to collect a debt and any information obtained will be used for that purpose. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.*